107 Riverbirch Lane
Memphis, Tennessee 38355

## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF TENNESSEE EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN BALLINGER, <br> JENNIFER BALLINGER, <br><br> Plaintiffs <br><br> v. <br><br> WELLS FARGO BANK, N.A., <br> US BANCORP, US BANK NATIONAL <br> ASSOCIATION, CITIGROUP INC., CITIGROUP <br> GLOBAL MARKETS INC., CITIGROUP <br> MORTGAGE LOAN TRUST INC. 2006-WFHE4, <br> MERSCORP HOLDINGS, INC., MORTGAGE <br> ELECTRONIC REGISTRATION SYSTEMS INC., <br> PATRICE KING, BHAVDIP CHAUHAN, <br><br> Defendants <br><br> WELLS FARGO BANK, N.A., <br> US BANK NATIONAL ASSOCIATION, <br><br> Counter-Plaintiffs/Cross-Plaintiffs/Third-Party Plaintiffs <br><br> v. <br><br> BRIAN BALLINGER, <br> JENNIFER BALLINGER, <br><br> Counter-Defendants <br><br> MORTGAGE ELECTRONIC REGISTRATION <br> SYSTEMS INC., <br><br> Cross-Defendant <br><br> JOHN H. ALLEN COMPANY, LLC, <br><br> Third-Party Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 1:13-cv-01271-JDB-egb |

**CONSENT ORDER QUIETING TITLE AND DISMISSAL OF PLAINTIFFS' CLAIMS
WITH PREJUDICE**

Plaintiffs Brian and Jennifer Ballinger ("Ballingers") filed a Complaint comprised of several causes of action which relate to their mortgage and foreclosure regarding the subject property located at 107 Riverbirch Lane, Medina, Tennessee. In response, Defendants Wells Fargo Bank and U.S. Bank filed a Counter-claim against the Ballingers, a Cross-claim against Co-Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") and a Third-Party Complaint against John H. Allen Company, Inc. ("JHA") to quiet title concerning the subject property. After investigation and negotiation, the parties reached a settlement which includes the dismissal with prejudice of all of the Ballingers' claims, and quieting title to the property so that Defendant/Counter-Plaintiff U.S. Bank may proceed with foreclosure, such that the lien of U.S. Bank is in a superior lien position to that of JHA with regard to the subject property.

Upon investigation and agreement of the parties, the Court finds that none of Plaintiffs' claims have merit and all of Plaintiffs' claims are to be dismissed with prejudice.

Upon investigation and agreement of the parties, the Court also finds that the Counter-Claim/Cross-Claim/Third-Party Complaint ("Counter-claim") to quiet title has merit and the relief requested in Count I of the Counter-claim should be granted as provided herein. Specifically, the Court finds that the Ballingers executed a Note and a Deed of Trust for the subject property; that the Note was in favor of Ameritrust Mortgage Company, LLC ("Ameritrust"); that the Deed of Trust designated MERS as beneficiary and nominee for Ameritrust and Ameritrust's successors and assigns; that MERS, as nominee for Ameritrust and Ameritrust's successors and assigns, assigned the Deed of Trust to U.S. Bank National Association (as Trustee for Citigroup Mortgage Loan Trust 2006-WFHE4, Asset-Backed Pass-Through Certificates 2006-WFHE4); and that the Ballingers defaulted on the terms of the Note and Deed of Trust. The Court also finds that the "Deed of Release" (referenced in the Counter-claim and recorded in the Gibson County Register's Office at Book 974, Page 834) was recorded

2

with the Gibson County Register's Office without authority, that said "Deed of Release" was not executed or authorized by MERS, that said "Deed of Release" should have never been executed or recorded, and therefore that the "Deed of Release" should be declared null, void and of no effect.  Similarly, the "Certificate of Acknowledgement of Deed" recorded by the Ballingers on November 4, 2011 in the Gibson County Register's Office at Book 960, Page 1960 should be declared null, void, and of no effect.  Further, the lien of U.S. Bank with regard to this property, which was obtained via assignment by MERS as nominee for lender Ameritrust Mortgage, Company, LLC and recorded with the Gibson County Register's Office on February 21, 2012 at Book 963, Page 740, should be reinstated, and be declared superior to the Notice of Mechanic's and Materialmen's Lien recorded by JHA in the Gibson County Register's Office at Book 966, Page 1534.

   IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that all claims asserted by the Ballingers in the Complaint are without merit and are hereby dismissed with prejudice.

   IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the request of Defendants/Counter-Plaintiffs Wells Fargo and U.S. Bank in Count I of the Counter-claim for a declaratory judgment to quiet title is well-founded and should be granted as provided herein.  Specifically, the "Deed of Release" recorded with the Gibson County Register's Office at Book 974, Page 834 shall be and is hereby declared null, void, and of no effect, and that the Deed of Trust executed by Ballingers, recorded at Book 888 Page 2149, and the subsequent assignment of that Deed of Trust recorded at Book 963 Page 740 (both recorded in the Gibson County Register's Office), are hereby reinstated - to the extent that they may have been released by the "Deed of Release" - and are in full force and effect as if the "Deed of Release" had never been executed or recorded.  Similarly, the "Certificate of Acknowledgement of Deed" recorded with the Gibson County Register's Office at book 960, page 1960 is hereby declared null, void, and no

3

effect. Further, the lien held by U.S. Bank pursuant to the assignment recorded with the Gibson County Register's Office on February 21, 2012 at Book 963, Page 740 is hereby declared to be in a superior lien position to the lien recorded by JHA at Book 966, Page 1534 in the Gibson County Register's Office.

Finally, the request for relief by Defendants/Counter-Plaintiffs in Count II of the Counter-claim is held in abeyance so that the parties can pursue a non-judicial foreclosure regarding the subject property.

This matter will be administratively closed until the parties report back to the Court that the remaining Count II of the Counter-claim is ripe for dismissal or that further action needs to be taken in this cause. To that end, Defendants/Counter-Plaintiffs Wells Fargo and US Bank shall provide a status report to the Court no later than July 31, 2014. No Judgment will be entered in this cause until the parties report back to the Court as provided herein.

IT IS SO ORDERED.

    s/J. Daniel Breen
J. Daniel Breen
Chief United States District Judge

Date:   March 25, 2014

4

APPROVED FOR ENTRY:

s/ Michael L. Weinman
Michael L. Weinman (#015074)
112 South Liberty Street, Suite #321
P.O. Box 266
Jackson, Tennessee 38302
Telephone: (731) 423-5565
mike@weinmanandassoc.com

*Attorney for Plaintiffs Brian Ballinger and Jennifer Ballinger*


s/ Bradley E. Trammell
Bradley E. Trammell (#13980)
Kavita Shelat (#29388)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Telephone: (901) 526-2000
Facsimile: (901) 577-2303
btrammell@bakerdonelson.com
kshelat@bakerdonelson.com

*Attorneys for Wells Fargo Bank, N.A., US Bancorp, U.S. Bank National Association, CitiGroup, Inc., Citigroup Global Markets, Inc., Citigroup Mortgage Loan Trust, Inc. 2006-WFHE4, Patrice King and Bhavdip Chauhan*


s/ Caroline Stefaniak (signed w/permission)
Caroline Stefaniak (#025710)
HUSCH BLACKWELL, LLP
736 Georgia Avenue, Suite 300
Chattanooga, Tennessee 37402
Telephone: (423) 266-5500
Facsimile: (423) 266-5499
Carrie.stefaniak@huschblackwell.com

*Attorney for MERSCORP Holdings, Inc. and Mortgage Electronic Registration Systems, Inc.*

s/ Bradley Sigler
Bradley Sigler (#007027)
LAW OFFICES OF HOLMES, RICH
& SIGLER, P.C.
218 W. Main Street
Jackson, Tennessee 38301
Telephone:  (731) 422-4023
Facsimile:  (731) 423-4453
brad@hrsrpc.com

*Attorney for John H. Allen Company, Inc.*